# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

AMANDA McCLOUD,

        Plaintiff,

v.                                                  CIVIL ACTION NO. 3:19-0311

DAYNA MARIE FOLLOWAY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Amanda McCloud's Motion to Remand to the Circuit Court of Wayne County, West Virginia. ECF No. 5. Defendant State Farm Mutual Automobile Insurance Company (hereinafter Defendant State Farm) removed this action from Wayne County Circuit Court pursuant to 28 U.S.C. § 1441,[1] asserting diversity jurisdiction under 28 U.S.C. § 1332. However, Plaintiff argues that Defendant State Farm has failed to demonstrate the amount in controversy exceeds $75,000, a prerequisite to this Court's jurisdiction under § 1332.[2] Upon review, the Court finds Defendant State Farm met its burden to establish jurisdiction and, therefore, the Court **DENIES** Plaintiff's motion.

---

[1]Subsection (a) of § 1441 provides, in relevant part: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

[2]Subsection (a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

In her Complaint, Plaintiff alleges she incurred "severe personal injuries and damages" as a result of an auto accident she had with Defendant Dayna Marie Followay. *Compl.* at 2, ¶5, ECF No. 1-1. Plaintiff settled her claim with Ms. Followay for $25,000 and filed an underinsurance claim with Defendant State Farm, demanding the policy limits of $100,000.[3] *Id.* at 4, ¶6. Defendant State Farm rejected the demand and offered Plaintiff $500. *Id.* at 4, ¶7. Plaintiff repeated her demand and submitted additional medical evidence. *Id.* at 4, ¶8. At that time, Plaintiff states she had incurred $25,438.65 in medical specials. *Id.* at 4, ¶9. Ultimately, Defendant State Farm offered Plaintiff $2,000 to settle her claim. *Id.* at 4, ¶10. Plaintiff rejected the offer, requested a reasonable settlement offer from Defendant State Farm, and filed this action, which includes claims for breach of contract, for violations of the West Virginia Unfair Trade Practices Act, and for common law bad faith. Plaintiff does not demand a specific dollar amount in her Complaint.

When a case is removed based upon § 1332, it is the defendant's burden to demonstrate diversity of citizenship exits and establish by a preponderance of the evidence the amount in controversy exceeds $75,000. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (stating "it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter" (citations omitted)); *see also McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 486 (S.D. W. Va. 2001) ("When a case has been removed, the defendant bears the burden of showing federal jurisdiction has been invoked properly." (Citation omitted)). If a plaintiff does not make a demand for a specific dollar amount in the complaint, it is the obligation of the Court to decide whether a defendant has met its burden. *See McCoy*, 147 F.Supp.2d at 489. In making its decision, the Court should exercise its common

---

[3]Ms. Followay was named in this action as a nominal defendant.

-2-

sense. *Id*. The Court also should "look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Id*. (internal quotation marks and citation omitted). For instance, the Court may consider the plaintiff's injuries, the expenses and losses a plaintiff incurred prior to removal, a request for punitive damages, and any settlement demands Plaintiff made prior to removal, "although the weight to be given such demands is a matter of dispute among courts." *Id*. (internal quotation marks and citations omitted); *Chandler v. Ultimate Health Servs., Inc.*, No. 3:14-cv-27340, 2015 WL 521235, at *2 (S.D. W. Va. Feb. 9, 2015) (stating, "[w]hen the amount in controversy is not apparent on the face of a complaint, the court may consider a number of factors, including: the type and extent of the plaintiff's injuries and possible damages recoverable therefore, including punitive damages if appropriate" (internal quotation marks and citation omitted)). "Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim. If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof." *Scaralto v. Ferrell*, 826 F.Supp.2d 960, 968 (S.D. W. Va. 2011) (footnote and citation omitted).

Reviewing the allegations of Plaintiff's Complaint in this case, the Court has no difficulty finding that Defendant State Farm has met its burden. At the time of removal, Plaintiff had $25,438.65 in medical specials, with the possibility of future treatment, and made a settlement demand for $100,000. In her Complaint, she seeks compensation for her damages, aggravation, annoyance, and inconvenience. She also seeks damages for violations of the West Virginia Unfair Practices Act and punitive damages. In light of these factors, the Court finds that a reasonable plaintiff would demand more than $75,000 and, indeed, Plaintiff in this case actually did so by seeking the $100,000 policy limits. Although Plaintiff argues that she will have to awarded more

than $35,000 to receive anything in this case because she received $25,000 from Ms. Followay to settle and a $10,000 medical payment from Defendant State Farm, it is not the amount Plaintiff ultimately collects that determines whether the threshold amount for jurisdiction is met, as stated earlier, it is the amount a reasonable plaintiff would demand. Here, the Court finds a reasonable plaintiff certainly would demand in excess of $75,000. *See, e.g., Workman v. Figueroa*, No. 3:06-0648, 2006 WL 3359007, at *1 (S.D. W. Va. Sept. 27, 2006) (finding "medical expenses exceeding $15,000 with some future or continuing treatment expected," a settlement demand above $75,000, and the possibility of punitive damages sufficient to met jurisdictional requirements).

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff Amanda McCloud's Motion to Remand to the Circuit Court of Wayne County, West Virginia. ECF No. 5.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 17, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE